UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER F. GROOVER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   CV411-312 |
| | ) | |
| AL ST. LAWRENCE, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Christopher Groover, a pre-trial detainee held at the Chatham County Detention Center since March 23, 2010 on charges of, inter alia, child molestation and statutory rape, has filed a habeas petition under 28 U.S.C. § 2241 claiming that he has been denied a speedy trial in violation of the Sixth Amendment to the United States Constitution.[1]  (Doc. 1.) Respondent contends that Groover has failed to exhaust available state

---

[1] Groover also moves for appointment of counsel. (Doc. 7.)  Since he has failed to exhaust his state remedies, this case is slated for immediate dismissal.  *See infra*.  Hence, appointment of counsel would avail him nothing, and his motion is **DENIED**.

remedies.[2]  (Doc. 8; doc. 9.)

"The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973).  While § 2241 does not contain an exhaustion requirement resembling that found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions. *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. §2254(b), but the requirement applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th

---

[2] Groover contends that respondent failed to file a timely response to his motion. (Doc. 10.)  He is mistaken.  The Court directed respondent to file its response within 30 days of the service of Groover's habeas petition.  (Doc. 4.)  It did so.  (Doc. 8.)

Cir. 1974); *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued); *see Wilson v. Hickman*, 85 F. Supp. 2d 1378, 1380 (N.D. Ga. 2000).

A § 2241 petitioner, then, "must exhaust his state remedies by petitioning the highest court in the state in which he is being held 'when such review is part of the ordinary appellate review procedure' in that jurisdiction." *Jackson v. Walker*, 206 F. App'x 967, 968 (11th Cir. 2006) (quoting *Pope v. Rich*, 358 F.3d 852, 853 (11th Cir. 2004)). And "[b]ecause ordinary appellate procedure in Georgia authorizes habeas review in the Georgia Supreme Court, a petitioner must avail himself of that procedure before we will deem all state remedies to be exhausted." *Id.*

Here, Groover has petitioned the state habeas court for relief, and that petition was denied. (Doc. 8 at 54 (order denying petition).) He also applied for review before the Supreme Court of Georgia, but his application was denied. (*Id.* at 56.) Hence, he appears to have taken significant steps towards exhausting his claim. The appearance is

3

misleading, however. Under Georgia law, pre-trial speedy trial concerns must be pursued in the criminal action; they are barred from review in habeas corpus. *Perara v. Miller*, 283 Ga. 583, 583 (2008). Groover failed to file a speedy trial motion in his state criminal action. While he points to a pro se speedy trial motion that he filed before the state court, the motion was denied since he was represented by counsel. (Doc. 8 at 13-14.) The state court applied long standing Georgia law holding that a layperson does not have the right to represent himself and also be represented by an attorney. (*Id.*) That motion, then, was effectively a nullity.

Groover insists that he is not to blame since his attorney, Christopher Middleton, refused to file the motion. (Doc. 10 at 3.) If so, Groover should have proceeded via an ineffective assistance of counsel claim, which he might have successfully exhausted before filing a petition in federal court. Since an "adequate and unexhausted" remedy remained available in Groover's criminal case, his speedy trial claim is unexhausted, which means he is not entitled to § 2241 relief. *Garey v. Fed. Det. Ctr.*, 180 F. App'x 118, 119-120 (11th Cir. 2006). Accordingly, respondent's

motion to dismiss (doc. 8) should be **GRANTED** and this case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this <u>7th</u> day of March, 2012.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA